IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

DOUGLAS THOMAS,

        Petitioner,

v.                                   Civil Action No.
                                        9:05-CV-1416 (DEP)

T.S. CRAIG, Warden, FCI Raybrook,

        Respondent.

APPEARANCES:                   OF COUNSEL:

FOR PETITIONER:

DOUGLAS THOMAS, *Pro Se*

FOR RESPONDENT:

HON. GLENN T. SUDDABY         CHARLES E. ROBERTS, ESQ.
United States Attorney              Assistant U.S. Attorney
Northern District of New York
100 S. Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

    Petitioner Douglas Thomas, who at the time this proceeding was

commenced was an inmate confined within the Ray Brook Federal

Correctional Institution ("FCI Raybrook"), and thus within this district, has commenced this proceeding seeking federal habeas intervention, pursuant to 28 U.S.C. § 2241, in connection with the sentence which he is now serving.[1] In his petition Thomas seeks credit, for purposes of his federal sentence, for time previously served as a result of a state court drug conviction which, according to him, arose from some of the same conduct which formed the basis for the drug conspiracy charge upon which he was sentenced federally.

Having carefully considered the arguments raised by Thomas in his petition, I am unable to conclude that prison officials have improperly calculated his sentence, and therefore find that his petition should be denied.

I.   BACKGROUND

Petitioner was convicted in a New York state court in 2001 for unlawful drug possession.  That conviction grew out of an arrest on

---

[1] It appears from the court's records that since filing his petition, Thomas was transferred out of FCI Raybrook to another facility for the purpose of serving the remainder of his federal sentence.  Petitioner's transfer does not divest this court of jurisdiction to hear and decide his habeas claims. *United States ex rel. Sadiku v. INS*, 95 C1487, 1995 WL 215050, at *2 (N.D. Ill. Apr. 11, 1995); *Ledesma-Valdes v. Sava*, 604 F. Supp. 675, 679 (S.D.N.Y. 1985); *Rasco v. Superintendent of Metro. Corr. Ctr., Miami, Fl.,* 551 F. Supp. 783, 784-85 (S.D. Fl. 1982).

September 30, 2000 by authorities in Ulster County, New York. Following his arrest, petitioner was indicted and charged by an Ulster County grand jury with criminal possession of a controlled substance in the fifth degree and, apparently based upon the subsequent entry of a guilty plea, was sentenced on February 26, 2001 principally to a 360 day period of incarceration on that charge. As a result of his entitlement to a good time allowance, petitioner was released from state custody on May 25, 2001, after having served 240 days of his state sentence.

Plaintiff was taken into federal custody on November 8, 2002, and was later indicted in the United States District Court for the Southern District of New York for conspiracy to possess, with intent to distribute, and to distribute, cocaine base, in violation of 21 U.S.C. §§841 and 846, as well as being a felon in possession of a firearm which has traveled in interstate commerce, in contravention of 18 U.S.C. § 922(g)(1). Following the entry of a guilty plea on those two counts, pursuant to a written plea agreement, and the subsequent preparation of a presentence investigation report ("PSIR"), petitioner was sentenced on April 7, 2004 principally to concurrent terms of incarceration of 120 months on the firearm possession charge, and 135 months based upon the drug

conspiracy count. Following sentencing, petitioner was designated by the Bureau of Prisons ("BOP") to FCI Ray Brook, where he was received on June 3, 2004.

## II.   PROCEDURAL HISTORY

After properly exhausting available, internal administrative remedies, petitioner commenced this proceeding on November 14, 2005.[2] Dkt. No. 1. Appropriately named as the respondent in Thomas' petition is T.S. Craig, the Warden at FCI Ray Brook, and thus his custodian at the time of commencement. *Id.* In his petition, Thomas claims that he was improperly denied credit, as against his federal sentence, for the 240 days served in connection with his Ulster County conviction which, he maintains

---

[2] Federal inmates are required to exhaust internal administrative remedies prior to seeking habeas corpus relief under 28 U.S.C. § 2241. *Martinez v. United States*, 19 F.3d 97, 99 (2d Cir. 1994) (citing *United States v. Wilson*, 503 U.S. 329, 112 S. Ct. 1351 (1992), in the context of sentencing credit under 18 U.S.C. § 3585). Under the Bureau of Prisons Administrative Remedy Program, federal inmates may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The Program, codified at 28 C.F.R. §§ 542.10 *et seq.*, outlines a multi-level grievance procedure to resolve prisoner complaints. An inmate must first attempt to informally resolve the dispute with the facility staff. 28 C.F.R. § 542.13. If informal resolution is unsuccessful, the inmate may pursue his or her complaint by submitting a formal written Administrative Remedy Request within twenty calendar days following the date on which the basis for the complaint occurred. *Id.* § 542.14(a). If the Warden denies such request, the inmate may appeal to the Regional Director within twenty calendar days of the date of the Warden's response. *Id.* § 542.15(a). If the Regional Director denies the appeal, the inmate may appeal further to the Bureau of Prisons General Counsel within thirty calendar days from the date of the Regional Director's response. *Id.* Upon denial of the grievance by the General Counsel, the administrative remedy process is deemed exhausted. *Id.*

– and respondent does not deny – was related to the drug conspiracy count of his federal conviction.

On January 23, 2006 the court received a response filed by the United States Attorney for the Northern District of New York, on behalf of respondent Craig, in opposition to Thomas' petition. Dkt. No. 5. Petitioner has since filed a reply memorandum, or "traverse". *See* Dkt. No. 6. The petition in this matter, which is now ripe for determination, is before me on consent of the parties, pursuant to 28 U.S.C. § 636(c). *See* Dkt. No. 14.

II.     DISCUSSION

The calculation of release dates associated with federal prison sentences is a matter which falls under the jurisdiction of the Attorney General, who has in turn delegated that responsibility to the BOP. *Wilson,* 503 U.S. at 331-33, 112 S. Ct. at 1353-54; *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997); *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996) (unpublished). For sentences rendered in and after 1987, when the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.,* became effective, sentence calculation is governed primarily by 18 U.S.C. § 3585. *Chambers*, 920 F.Supp. at 621.

Under section 3585, sentence calculation entails a two-step process, requiring a determination of both the proper sentence commencement date and whether any credit should be awarded for time served prior to the date of commencement. 18 U.S.C. § 3585; *Pineyro*, 112 F.3d at 45; *Chambers*, 920 F. Supp. at 621.

    A.    <u>Sentence Commencement</u>

In this instance there is no controversy concerning the appropriate commencement date for petitioner's federal sentence. Commencement of a federal prisoner's sentence is defined by statute, as follows:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). Under this provision, the sentence commences when the defendant is actually transferred into federal custody for purposes of serving his or her federal sentence. *Chambers*, 920 F. Supp. at 621-22; *see also Miller v. United States*, 826 F. Supp. 636, 638 (N.D.N.Y. 1993) (McAvoy, C.J.).

As the respondent has noted, the earliest date upon which a federal district court may order that a sentence commence is the date it is

imposed. *See United States v. Labeille-Soto*, 163 F.3d 93, 98-100 (2d Cir. 1998) (a district court cannot "backdate" sentence under 18 U.S.C. § 3585 by ordering it to commence at an earlier date; it is role of BOP to determine date of commencement and what presentence credit to award). Applying these guidelines, the BOP properly concluded that petitioner's sentence commenced no earlier than April 7, 2004, the date of its imposition.

      B.    <u>Pre-Commencement Credit</u>

Once petitioner's sentence commencement date has been established, the court must next determine whether he is entitled to credit for time spent in custody prior to that date. *See Labeille-Soto*, 163 F.3d at 98-100. It is in the application of this prong that, Thomas maintains, the BOP erred in not crediting him for time served by him in connection with the related state court drug conviction. The pre-commencement component of the governing sentence calculation is controlled by section 3585(b), which provides that

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
>     (1) as a result of the offense for which

>  > the sentence was imposed; or
>  >
>  > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).  As can be seen, under this provision prior time served that is properly credited toward another sentence may not be counted, since to find otherwise would result in a prisoner earning "double credit" for a single period of time served.  *Rios v. Wiley*, 201 F.3d 257, 272 (3d Cir. 2000) (collecting cases).

At the heart of Thomas' quarrel in this matter is his contention that by not receiving credit toward his federal sentence for time served on the related state drug charge, he has in essence been punished twice for the same offense.  In making this argument Thomas asserts that based upon his plea agreement, when entering his plea he expected to receive full credit for time served on the state sentence.  That plea agreement, however, contains no such assurance, although both it and the later-developed PSIR reflect that the relationship between the two prosecutions was accounted for when computing his criminal history, and thus at least

indirectly affected his federal sentence.³ Upon careful analysis, it becomes clear that petitioner's claim does not implicate sentence calculation, but rather raises an argument under the double jeopardy clause of the Fifth Amendment.⁴ The charging of multiple offenses based upon the same conduct, however, does not *per se* violate the double jeopardy clause. *United States v. Cavanaugh*, 948 F.2d 405, 412 n.8 (8th Cir. 1991) (citing *Ohio v. Johnson*, 467 U.S. 443, 449, 104 S. Ct. 2536, 2540-41 (1984)). In determining whether a due process violation has occurred through the charging of multiple claims based upon the same conduct, the question becomes whether, by enacting the statutory provision, the respective legislative body intended that the acts underlying the potentially overlapping counts constitute separate "'units' of prosecution". *United States v. Ansaldi*, 372 F.3d 118, 125 (2d Cir. 2004) (citing *Bell v. United States*, 349 U.S. 81, 83-84, 175 S. Ct. 620, 622 (1955)); *see also Sanabria v. United States*, 437 U.S. 54, 69-70, 98 S. Ct. 2170, 2181-82 (1978).

---

³ In his reply memorandum, Thomas lists the PSIR as one of "two critical documents" relied on in deciding to enter his plea on the federal charges. Petitioner's Reply (Dkt. No. 6) at 1. Obviously this is unlikely, since it is doubtful the PSIR was prepared before the entry of petitioner's plea.

⁴ The double jeopardy clause provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. Amend. V.

Claims of double jeopardy violation, if properly preserved, are appropriately raised in the district of conviction on direct appeal from the federal court conviction, or through a motion to vacate that conviction pursuant to 28 U.S.C. § 2255. *E.g., United States v. Barnes*, 228 F.Supp.2d 82, 84-85 (D. Conn. 2002). Petitioner's double jeopardy argument, however, does not provide a basis to conclude that the sentence calculation of the BOP was incorrect and in violation of petitioner's statutory and constitutional rights, since he seeks to receive federal credit for time that was attributed to his state court sentence, a result which would run counter to the express provisions of 18 U.S.C. § 3585(b).[5] *Rios*, 201 F.3d at 72.

In the end, it is clear from his petition and reply memorandum that the gravamen of Thomas' habeas claim is that BOP officials have unfairly denied him credit, as against his drug conspiracy sentence, for the time served in connection with his state court drug possession charge. The question of fairness, however, is not a factor which informs the sentence calculation analysis, nor does it provide a basis for habeas intervention.

---

[5] To the extent Thomas is arguing that he may not lawfully be prosecuted for drug possession at the state level and federally for participation in a drug conspiracy which overlaps with the state drug possession charge, he is mistaken. *See United States v. Felix*, 503 U.S. 378, 390-92, 112 S. Ct. 1377, 1385 (1992).

10

Having found that the BOP's calculation of petitioner's sentence comports with the governing statutory provision, I find no basis to grant petitioner the relief now sought.

IV. SUMMARY AND RECOMMENDATION

In calculating petitioner's sentence federal prison officials both correctly calculated the proper commencement date for the sentence, and appropriately denied him credit for time served on his prior state court conviction. While petitioner maintains that the federal drug count on which he was convicted is duplicative of the state drug conviction, this is an argument which appropriately should have been raised in the Southern District of New York and, if properly preserved, on direct appeal from his conviction or by a motion brought under 28 U.S.C. § 2255 in that court to vacate the conviction. The argument, however, does not undermine the validity of the BOP's sentence calculation. Accordingly, it is therefore hereby

ORDERED that the petition in this matter be and hereby is DENIED and DISMISSED in all respects; and it is further

ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties pursuant to this court's local rules.

                                                     _____
                                                     David E. Peebles
                                                     U.S. Magistrate Judge

Dated:   March 15, 2007
         Syracuse NY


G:\ISSUES\habeas corpus\sentence calculation\thomas.wpd